# EXHIBIT B

Federal Communications Commission          DA 11-711

**Before the
Federal Communications Commission
Washington, D.C. 20554**

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| Applications of AT&T Inc. and ) | WT Docket No. 11-65 |
| Deutsche Telekom AG ) | |
| ) | |
| For Consent To Assign or Transfer Control of ) | |
| Licenses and Authorizations ) | |

**NRUF/LNP PROTECTIVE ORDER**

**Adopted: April 18, 2011**                                                                                                  **Released: April 18, 2011**

By the Chief, Wireless Telecommunications Bureau:

     1.  In connection with the Commission's review of the transaction at issue in this proceeding, the Commission expects to examine information contained in the Numbering Resource Utilization and Forecast ("NRUF") reports filed by carriers engaged in the provision of wireless telecommunications services[1] ("Wireless Telecommunications Carriers") and disaggregated, carrier-specific local number portability ("LNP") data related to Wireless Telecommunications Carriers.  We anticipate that such materials will be necessary to develop a more complete record on which to base the Commission's decision.  We also anticipate that parties participating in the proceeding may seek to review this data.

     2.  Section 251 of the Communications Act grants the Commission jurisdiction over the North American Numbering Plan ("NANP") and related telephone numbering issues.  In order to better monitor the way numbering resources are used within the NANP and efficiently allocate NANP resources, the Commission requires telecommunications carriers to provide the Commission with a utilization report of their current inventory of telephone numbers and a five-year forecast of their numbering resource requirements – the NRUF report.[2]  LNP data are collected by the LNP Administrator and provided to the Commission.  The Commission has recognized that disaggregated, carrier-specific forecast and utilization data should be treated as confidential and should be exempt from general public disclosure under 5 U.S.C. § 552(b)(4).[3]

     3.  While we are mindful of the highly sensitive nature of such information, we are also mindful of the right of the public to participate in this proceeding in a meaningful way.  Therefore, consistent with past practice,[4] the NRUF reports and LNP data will not be available to the public except pursuant to the

---

[1] *See* 47 C.F.R. § 1.907.

[2] *See Numbering Resource Optimization*, CC Docket No. 99-200, Report and Order and Further Notice of Proposed Rule Making, 15 FCC Rcd. 7574, 7578-79 ¶ 5 (2000).

[3] *Id.* at 7607 ¶ 78.

[4] *See, e.g., AT&T Inc. and Centennial Communications Corp. For Consent to Transfer Control of Licenses, Authorizations, and Spectrum Leasing Arrangements,* WT Docket 08-246, Protective Order, 24 FCC Rcd 13915 (WTB 2009) and *Cellco Partnership d/b/a Verizon Wireless and Atlantis Holdings LLC For Consent to Transfer*

Federal Communications Commission                                                                            DA 11-711

terms of this NRUF/LNP Protective Order; we will make such information available to participants in this proceeding, but limit such access to their Outside Counsel of Record, their Outside Consultants and experts whom they retain to assist them in this proceeding, and their Outside Counsel's and Outside Consultants' employees. We conclude that the procedures we adopt in this NRUF/LNP Protective Order give appropriate access to the public while protecting especially competitively sensitive information from improper disclosure, and that the procedures we adopt thereby serve the public interest.[5]

    4.   *Definitions.* As used herein, capitalized terms not otherwise defined in this NRUF/LNP Protective Order shall have the following meanings:

    "Acknowledgment" means the Acknowledgment of Confidentiality attached as Appendix A hereto.

    "Competitive Decision-Making" means that a person's activities, association, or relationship with any of its clients involve advice about or participation in the relevant business decisions or the analysis underlying the relevant business decisions of the client in competition with or in a business relationship with a Wireless Telecommunications Carrier.

    "NRUF/LNP Confidential Information" means the NRUF reports, the data contained in those reports, the LNP data, and any information derived from the reports or the data that is not otherwise available from publicly available sources.

    "Outside Counsel of Record" or "Outside Counsel" means the attorney(s), firm(s) of attorneys, or sole practitioner(s), as the case may be, retained by a party in this proceeding, provided that such attorneys are not involved in Competitive Decision-Making. The term "Outside Counsel of Record" includes any attorney representing a non-commercial party in this proceeding, provided that such attorney is not involved in Competitive Decision-Making.

    "Outside Consultant" means a consultant or expert retained for the purpose of assisting Outside Counsel or a party in this proceeding, provided that such consultant or expert is not involved in Competitive Decision-Making. The term "Outside Consultant" includes any consultant or expert employed by a non-commercial party in this proceeding, provided that such consultant or expert is not involved in Competitive Decision-Making.

    "Reviewing Party" means a person who has obtained access to NRUF/LNP Confidential Information pursuant to paragraphs 5 or 8 of this NRUF/LNP Protective Order.

    5.   *Procedure for Obtaining Access to NRUF/LNP Confidential Information.* Any person seeking access to NRUF/LNP Confidential Information shall sign and date the Acknowledgment agreeing to be bound by the terms and conditions of this NRUF/LNP Protective Order; and file the Acknowledgment with the Bureau, on behalf of the Commission, so that it is received at least five business days prior to such person's reviewing or having access to the NRUF/LNP Confidential Information, except that, where the person seeking access is one described in either clause 1 or 2 of paragraph 8, the Acknowledgment shall be delivered promptly prior to the person's obtaining access. Each Wireless Telecommunications Carrier shall have an opportunity to object to the disclosure of its NRUF/LNP Confidential Information to any such person. A Wireless Telecommunications Carrier must file any such objection at the Commission and serve it on Counsel representing, retaining or employing

---

*Control of Licenses, Authorizations, and Spectrum Manager and De Facto Transfer Leasing Arrangements*, WT Docket 08-95, Protective Order, 23 FCC Rcd 11401 (WTB 2008).

[5] This NRUF/LNP Protective Order does not constitute a resolution of the merits concerning whether any information submitted under the NRUF/LNP Protective Order would be released publicly by the Commission upon a proper request under the Freedom of Information Act (FOIA) or otherwise.

such person within three business days after that person's Acknowledgment has been filed with the Commission (or where the person seeking access is one described in clause 1 or 2 of paragraph 8, file and serve such objection as promptly as practicable after the Acknowledgment has been filed).  Until any such objection is resolved by the Commission and, if appropriate, by any court of competent jurisdiction, and unless such objection is resolved in favor of the person seeking access, a person subject to an objection from a Wireless Telecommunications Carrier shall not have access to that carrier's NRUF/LNP Confidential Information.

6. *Review of NRUF/LNP Confidential Information.*  A Reviewing Party shall contact Kathy Harris, Mobility Division, Wireless Telecommunications Bureau, Federal Communications Commission, at 202.418.0609, to receive instructions on how to obtain and review NRUF/LNP Confidential Information.  A Reviewing Party may temporarily load onto a computer NRUF/LNP Confidential Information.  Once loaded, any files containing NRUF/LNP Confidential Information shall be password protected immediately.  The NRUF/LNP Confidential Information may not be stored on a computer after being analyzed.  After the analysis is complete, the results of such analysis may be stored by saving the results (but not the original underlying NRUF/LNP Confidential Information) to a mobile data storage medium.  All files containing NRUF/LNP Confidential Information shall be deleted from the computer as soon as practicable.  The original disk containing the NRUF/LNP Confidential Information and the mobile storage medium containing the results shall be stored securely and a record kept of any persons given access to them.

7. *Use of NRUF/LNP Confidential Information*.  Persons obtaining access to NRUF/LNP Confidential Information under this NRUF/LNP Protective Order shall use the information solely for the preparation and conduct of this proceeding before the Commission and any subsequent judicial proceeding arising directly from this proceeding and, except as provided herein, shall not use such information for any other purpose, including without limitation business, governmental, or commercial purposes, or in other administrative, regulatory or judicial proceedings.  Should the Commission rely upon or otherwise make reference to the contents of any NRUF/LNP Confidential Information in its decision in this proceeding, it will do so by redacting any NRUF/LNP Confidential Information from the public version of the decision and by making the unredacted version of the decision available only to a court and to those persons entitled to access to NRUF/LNP Confidential Information under this NRUF/LNP Protective Order.

8. *Permissible Disclosure*.  A Reviewing Party may discuss and share the contents of NRUF/LNP Confidential Information with another Reviewing Party and with the Commission and its staff.  A Wireless Telecommunication Carrier's own NRUF/LNP Confidential Information may also be disclosed to employees and Counsel of the carrier.  Subject to the requirements of paragraph 5, a Reviewing Party may disclose NRUF/LNP Confidential Information to: (1)  paralegals or other employees of such Reviewing Party assisting them in this proceeding; and (2) employees of third-party contractors involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving documents or data or designing programs for handling data connected with this proceeding, or performing other clerical or ministerial functions with regard to documents connected with this proceeding.

9. *Filings with the Commission*.  A Reviewing Party may in any document that it files in this proceeding disclose NRUF/LNP Confidential Information only if it complies with the following procedure.  The party shall submit to the Secretary's Office one copy of the filing containing NRUF/LNP Confidential Information (the "NRUF/LNP Confidential Filing"), two copies of the filing in redacted form, *i.e.*, containing no NRUF/LNP Confidential Information (the "Redacted NRUF/LNP Confidential Filing"), and an accompanying cover letter.  The cover or first page of the NRUF/LNP Confidential Filing and each page of the NRUF/LNP Confidential Filing that contains or discloses NRUF/LNP Confidential Information must be clearly marked "HIGHLY CONFIDENTIAL INFORMATION – SUBJECT TO

PROTECTIVE ORDER IN WT DOCKET NO. 11-65 before the Federal Communications Commission." The cover letter shall also contain this legend.  The NRUF/LNP Confidential Filing shall be made under seal, and will not be placed in the Commission's public file.  The two copies of the Redacted NRUF/LNP Confidential Filing and the accompanying cover letter shall be stamped "REDACTED – FOR PUBLIC INSPECTION."  The cover letter accompanying the Redacted NRUF/LNP Confidential Filing shall state that the party is filing a redacted version of the filing.  Each Redacted NRUF/LNP Confidential Filing shall have the same pagination as the NRUF/LNP Confidential Filing from which it is derived.  To the extent that any page of the NRUF/LNP Confidential Filing contains any type of Confidential Information and non-confidential information, only the Confidential Information (of whatever type) shall be redacted and the page of the unredacted Confidential Filing shall clearly distinguish among the various types of Confidential Information and the non-confidential information.  Two copies of each NRUF/LNP Confidential Filing and the accompanying cover letter must be delivered in person to Kathy Harris, Mobility Division, Wireless Telecommunications Bureau, Federal Communications Commission, 445 12th Street, S.W., Room 6329, Washington, D.C. 20554.  Parties should not provide courtesy copies of pleadings containing NRUF/LNP Confidential Information to Commission staff unless the Bureau so requests, and any such courtesy copies shall be submitted under seal.

    10.  *Non-Disclosure of NRUF/LNP Confidential Information*.  Except as provided under this NRUF/LNP Protective Order, NRUF/LNP Confidential Information may not be disclosed further.

    11.  *Protection of Stamped NRUF/LNP Confidential Information*.  A Reviewing Party shall have the obligation to ensure that access to NRUF/LNP Confidential Information is strictly limited as prescribed in this NRUF/LNP Protective Order.  A Reviewing Party shall further have the obligation to ensure that  NRUF/LNP Confidential Information is used only as provided in this NRUF/LNP Protective Order.

    12.  *Requests for Additional Disclosure*.  If any person requests disclosure of NRUF/LNP Confidential Information outside the terms of this NRUF/LNP Protective Order, such a request will be treated in accordance with sections 0.442 and 0.461 of the Commission's rules.

    13.  *Client Consultation*.  Nothing in this NRUF/LNP Protective Order shall prevent or otherwise restrict Outside Counsel from rendering advice to their clients relating to the conduct of this proceeding and any subsequent judicial proceeding arising therefrom and, in the course thereof, relying generally on examination of NRUF/LNP Confidential Information; *provided, however*, that in rendering such advice and otherwise communicating with such client, Outside Counsel shall not disclose NRUF/LNP Confidential Information.

    14. *No Waiver of Confidentiality*.  Disclosure of NRUF/LNP Confidential Information as provided herein by any person shall not be deemed a waiver by any affected party of any privilege or entitlement to confidential treatment of such NRUF/LNP Confidential Information.  Reviewing Parties, by viewing this material agree:  (1) not to assert any such waiver; (2) not to use NRUF/LNP Confidential Information to seek disclosure in any other proceeding; and (3) that accidental disclosure of NRUF/LNP Confidential Information shall not be deemed a waiver of any privilege or entitlement.

    15.  *Subpoena by Courts, Departments*, *or Agencies*.  If a court, or a federal or state department or agency issues a subpoena for or orders the production of NRUF/LNP Confidential Information that a party has obtained under terms of this NRUF/LNP Protective Order, such party shall promptly notify the Commission and each affected Wireless Telecommunications Carrier of the pendency of such subpoena or order.  Consistent with the independent authority of any court, department or agency, such notification must be accomplished such that the Commission and each affected Wireless Telecommunications Carrier has a full opportunity to oppose such production prior to the production or disclosure of any NRUF/LNP Confidential Information.

16. *Violations of NRUF/LNP Protective Order.*  Should a Reviewing Party violate any of the terms of this NRUF/LNP Protective Order, such Reviewing Party shall immediately convey that fact to the Commission.  Further, should such violation consist of improper disclosure of NRUF/LNP Confidential Information, the violating person shall take all necessary steps to remedy the improper disclosure.  The Commission retains its full authority to fashion appropriate sanctions for violations of this NRUF/LNP Protective Order, including but not limited to suspension or disbarment of Counsel or Outside Consultants from practice before the Commission, forfeitures, cease and desist orders, and denial of further access to NRUF/LNP Confidential Information in this or any other Commission proceeding.  Nothing in this NRUF/LNP Protective Order shall limit any other rights and remedies available to the affected Wireless Telecommunications Carriers at law or in equity against any person using NRUF/LNP Confidential Information in a manner not authorized by this NRUF/LNP Protective Order.

17. *Termination of Proceeding.*  The provisions of this NRUF/LNP Protective Order shall not terminate at the conclusion of this proceeding.  Within two weeks after conclusion of this proceeding and any administrative or judicial review, Reviewing Parties shall destroy or return to the Commission all NRUF/LNP Confidential Information and all copies of the same.  No material whatsoever containing NRUF/LNP Confidential Information may be retained by any person having access thereto, except Outside Counsel may retain, under the continuing strictures of this NRUF/LNP Protective Order, two copies of pleadings (one of which may be in electronic format) prepared in whole or in part by that party that contain NRUF/LNP Confidential Information, and one copy of orders issued by the Commission or Bureau that contain NRUF/LNP Confidential Information.  All Outside Counsel shall certify compliance with these terms and shall deliver such certification to the Commission not more than three weeks after conclusion of this proceeding.  The provisions of this paragraph regarding retention NRUF/LNP Confidential Information shall not be construed to apply to the Commission or its staff.

18. *Authority*.  This Order is issued pursuant to sections 4(i), 214 and 310(d) of the Communications Act of 1934, as amended, 47 U.S.C. §§ 154(i), 214 and 310(d), Section 4 of the Freedom of Information Act, 5 U.S.C. § 552(b)(4), and authority delegated under section 0.291 of the Commission's rules, 47 C.F.R. § 0.291, and is effective upon its adoption.

        FEDERAL COMMUNICATIONS COMMISSION


        Ruth Milkman
        Chief, Wireless Telecommunications Bureau

| Federal Communications Commission | DA 11-711 |
|---|---:|

# APPENDIX A

## Acknowledgment of Confidentiality

## WT Docket No. 11-65

     I hereby acknowledge that I have received and read a copy of the foregoing NRUF/LNP Protective Order in the above-captioned proceeding, and I understand it.

     I agree that I am bound by the NRUF/LNP Protective Order and that I shall not disclose or use NRUF/LNP Confidential Information except as allowed by the NRUF/LNP Protective Order.

     I acknowledge that a violation of the NRUF/LNP Protective Order is a violation of an order of the Federal Communications Commission.

     I certify that I am not involved in Competitive Decision-Making.

     Without limiting the foregoing, to the extent that I have any employment, affiliation, or role with any person or entity other than a conventional private law firm (such as, but not limited to, a lobbying or advocacy organization), I acknowledge specifically that my access to any information obtained as a result of the NRUF/LNP Protective Order is due solely to my capacity as Counsel or Outside Consultant to a party or as a person described in paragraph 8 of the foregoing NRUF/LNP Protective Order and agree that I will not use such information in any other capacity.

     I acknowledge that it is my obligation to ensure that NRUF/LNP Confidential Information is used only as specifically permitted by the terms of the NRUF/LNP Protective Order.

     I certify that I have verified that there are in place procedures at my firm or office to prevent unauthorized disclosure of NRUF/LNP Confidential Information.

     Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Protective Order or the NRUF/LNP Protective Order.

     Executed this ___ day of _____, 2011.

_____
[Name]
[Position]
[Address]
[Telephone]